# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOVELINE MAH MBAKU,

    Petitioner,

    v.                                                                      No. 1:26-cv-00078-SMD-JMR

KRISTI NOEM, *et al*.,

    Respondents.

## ORDER

**THIS MATTER** is before the Court on Petitioner Loveline Mah Mbaku's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Petition is **DISMISSED** without prejudice with leave to amend.

## BACKGROUND

Petitioner, a 43-year-old citizen of Cameroon, is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1 at 3. Upon arriving at the United States-Mexico border in January 2025[1], Petitioner was immediately taken into custody and has remained in detention for over 13 months. *Id*. ¶ 20.

Petitioner entered the United States to seek asylum, recounting four days of detention and torture resulting from socio-political turmoil in Cameroon. *Id*. ¶¶ 14, 16. Although Petitioner initially escaped to the Republic of Congo, she maintains she is unsafe there due to ongoing efforts by Cameroonian military leadership to capture her. *Id*. ¶ 17. Petitioner traveled to the United

---

[1] Petitioner alleges that she arrived on or around January 7, 2025. Doc. 1 ¶ 8. Relying on the Notice to Appear, Respondents instead assert that Petitioner entered the United States on or about January 30, 2025. Doc. 8 ¶ 2; *see* Doc. 8-1 ¶ 4.

States to join her sister, Grace Mbaku, and brother, Dennis Mbaku, in Columbus, Ohio; both siblings have expressed willingness to support her. *Id*. ¶ 19.

On November 24, 2025, an Immigration Judge denied Petitioner's asylum application but granted withholding of removal under the Convention Against Torture ("CAT"). *See* Doc.1, Exhibit A. On December 24, 2025, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), where the matter remains pending. *Id*. ¶ 21.

On January 16, 2026, Petitioner filed her Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* Doc. 1. Respondents filed their response to the Petition on February 12, 2026, and Petitioner filed her reply on February 19, 2026. Doc. 8; Doc. 9. Petitioner is currently held at Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 8. As of the date of this Order, she has been detained for over a year. *Id*. ¶ 20. Respondents contend that removal to a third country would have been effectuated had Petitioner not appealed the Immigration Judge's order; however, the record contains no documentation regarding specific removal attempts or the availability of travel documents. *See* Doc. 8 ¶ 29.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388

F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

In her Petition, Petitioner asserts three grounds for relief. First, she contends that her continued detention—which has lasted approximately 13 months as of the date of this Order—has become unreasonable and violates § 1231(a)(6). Doc. 1 ¶¶ 51–53. Second, she alleges that ICE's actions deviate from established agency policy, rendering the detention arbitrary, capricious, and contrary to law in violation of the Administrative Procedure Act ("APA"). *Id*. ¶¶ 54–57. Finally, Petitioner claims a violation of her Fifth Amendment Due Process rights, asserting that she has been denied the individualized custody review to which she is entitled. *Id*. ¶¶ 58–60.

In support of these claims, Petitioner asserts that she has no knowledge of any efforts by Respondents to find a suitable third country for her removal. *Id*. ¶ 22. Citing the standard in *Zadvydas*, she contends that there is no indication that removal is likely in the reasonably foreseeable future. *Id*. ¶ 28. To provide context for this assertion, Petitioner points to 2017 fiscal year statistics indicating "only 1.6% of noncitizens granted withholding-only relief were actually removed to an alternative country." *Id*. Additionally, Petitioner invokes a February 20, 2004 ICE Memorandum addressed to field office directors, which clarifies that § 1231(a)(2) does not require detention for the entirety of the 90-day removal period and that ICE "has the authority to consider the release of such [non-citizens] during the removal period." *Id*. ¶ 45.

In response, Respondents argue that the record has not yet fully developed for the Court to determine whether a significant likelihood of removal exists in the reasonably foreseeable future. Doc. 8 ¶ 29. Respondents maintain that Petitioner is inadmissible under 8 U.S.C. § 1182 and is lawfully detained pursuant § 1231(a)(6). *Id*. ¶ 26.

In her reply, Petitioner counters that § 1231 does not yet govern her detention because the removal order is not final pending the BIA appeal. Doc. 9 ¶ 4. Instead, Petitioner now asserts that her detention is properly governed by 8 U.S.C. § 1226. *Id.* ¶ 2. This assertion, however, appears to conflict with Petitioner's initial invocation of relief under § 1231 in her Petition. *See* Doc. 1 ¶ 3. Furthermore, Petitioner does not address why, as an arriving noncitizen who was detained immediately upon entry, she would be subject to § 1226 rather than the mandatory detention provisions of 8 U.S.C. § 1225.

While Petitioner initially invoked § 1231 as the basis for relief in the Petition, she correctly clarifies in her reply that this statute does not yet govern her detention. Because Petitioner's appeal to the BIA remains pending, the statutory removal period has not yet started. Under 8 U.S.C. § 1231(a)(1)(B), the 90-day removal period described in § 1231(a)(1)(A) only begins once a removal order becomes "administratively final," a condition not met here while agency review is ongoing. *See Jimenez Chacon v. Lyons*, No. 2:25-CV-00977-DHU-KBM, 2025 WL 3496702, at *5 (D.N.M. Dec. 4, 2025).

While the parties focus their analysis on whether Petitioner's detention is "indefinite" under *Zadvydas*, that standard is premature because it only triggers once a removal order is finalized. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Instead, the threshold inquiry is whether § 1226 or § 1225 governs Petitioner's pre-final-order detention. Although Petitioner asserts that she is held under § 1226 and is therefore entitled to a meaningful bond hearing, she provides no explanation for why that statute applies. Doc. 9 ¶ 2. To the contrary, the Petitioner alleges that she has remained in custody "[s]ince arriving at the U.S. / Mexico border." Doc. 1 ¶ 20. Arrival at the border typically subjects a noncitizen to mandatory detention as an "applicant for admission" under § 1225 rather than the discretionary detention framework of § 1226.

Under § 1225(a), an "applicant for admission" is defined as any "alien present in the United States who has not been admitted or *who arrives in* the United States," whether or not at a designated port of arrival. 8 U.S.C. § 1225(a) (emphasis added). The statute requires that such individuals "shall be detained" pending removal proceedings. Even setting aside the current judicial split regarding the application of § 1225 and § 1226, Petitioner's description of her arrival appears to place her squarely within the scope of § 1225(a). She offers no alternative argument to suggest she falls outside this category.

Beyond the question of which statute governs, Respondents' assertions regarding removal efforts are not substantiated by the present record. Respondents contend that the Enforcement and Removal Operation ("ERO") would have already effectuated Petitioner's removal to a third country but for the pending appeal, yet they cite only to a Notice to Appear, which contains no evidence of such arrangements. *See* Doc. 8 ¶ 29. Respondents have not identified the third country, documented any communications, or provided evidence that travel documents were issued.

The Court dismisses the Petition without prejudice. As the Petition raises only the argument that she is entitled to a bond hearing under § 1226(a), and that section does not apply, the Petition must be dismissed. However, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). To the extent petitioner may be able to state a tenable claim that she is entitled to relief based on a ground other than her § 1226(a) argument, including due to the circumstances or timing of her re-detention or the length of such detention, the Court will dismiss the Petition with leave to amend.

## CONCLUSION

**IT IS ORDERED** that the Petition is **DISMISSED** without prejudice as described above.

_____
**SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE**