**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LOVELINE MAH MBAKU,

    Petitioner,

    v.                                                                                    No. 1:26-cv-00078-SMD-JMR

MARKWAYNE MULLIN, *et al*.,

    Respondents.

**<u>ORDER</u>**

**THIS MATTER** is before the Court on Petitioner Loveline Mah Mbaku's Amended Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Doc. 12.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Petition is **CONDITIONALLY GRANTED**.

**BACKGROUND**

Petitioner, a 43-year-old citizen of Cameroon, is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE").  Doc. 1 at 3.  Upon arriving at the United States-Mexico border in January 2025, [1] Petitioner was immediately taken into custody and has remained in detention for 18 months.  *Id*. ¶ 20.

Petitioner entered the United States to seek asylum, recounting days of detention and torture resulting from socio-political turmoil in Cameroon.  *Id*. ¶¶ 14, 16.  Although Petitioner initially escaped to the Republic of Congo, she maintains she is unsafe there due to ongoing efforts by Cameroonian military leadership to capture her.  *Id*. ¶ 17.  Petitioner traveled to the United

---

[1] Petitioner alleges that she arrived on or around January 7, 2025.  Doc. 1 ¶ 8.  Relying on the Notice to Appear, Respondents instead assert that Petitioner entered the United States on or about January 30, 2025.  Doc. 8 ¶ 2; *see* Doc. 8-1 ¶ 4.

States to join her sister, Grace Mbaku, and brother, Dennis Mbaku, in Columbus, Ohio; both siblings have expressed willingness to support her. *Id*. ¶ 19.

On November 24, 2025, an immigration judge denied Petitioner's asylum application but granted withholding of removal under the Convention Against Torture ("CAT"). *See id.* ¶ 21. On December 24, 2025, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), where the matter remains pending. *See id.* ¶ 21; Docs. 17, 18.

On January 16, 2026, Petitioner filed her Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. Respondents filed their response to the Petition on February 12, 2026, and Petitioner filed her reply on February 19, 2026. Docs. 8; 9. Petitioner is currently held at Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 8. As of the date of this Order, she has been detained for approximately 18 months. Respondents contend that removal to a third country would have been effectuated had Petitioner not appealed the immigration judge's order; however, the record contains no documentation regarding specific removal attempts or the availability of travel documents. *See* Doc. 8 ¶ 29; Doc. 17.

On March 5, 2026, this Court entered an Order dismissing the first petition without prejudice. *See* Doc. 11. Petitioner filed an amended petition on March 12, 2026, raising three arguments: (1) her detention is governed by § 1226, which requires an individualized bond hearing; (2) even if § 1225(b) applies, her prolonged detention, now 18 months, violates the Due Process Clause; and (3) ICE's failure to follow its own policy violates the Administrative Procedure Act ("APA"). *See* Doc. 12 ¶¶ 23–32.

Respondents responded with a motion to dismiss, arguing that (1) this Court lacks subject matter jurisdiction to review § 1225(b)(1) determinations; (2) Petitioner has received the process

due to a § 1225 "applicant for admission"; and (3) Petitioner has failed to state a claim for relief under either the statutory framework or the APA.  *See* Doc. 14 at 10–12.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I.    The Court Has Subject Matter Jurisdiction.

The Court has subject matter jurisdiction to review Petitioner's claims.  *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction).

Respondents argue that this Court does not have subject matter jurisdiction because § 1252(e)(2) limits habeas review of § 1225(b)(1) to three questions:

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum.  § 1252(e)(2)(A)–(C); *see* Doc. 14 at 10.

Section 1252(e)(5) further clarifies the meaning of "whether the petitioner was ordered removed":

> In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner.  There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

Relying on these provisions, Respondents contend that § 1252(e)(2) bars this Court from reviewing Petitioner's claims because those claims require the Court to examine the validity of the underlying removal determination.  *See* Doc. 14 at 10.  Respondents also argue that Petitioner cannot use a habeas petition to challenge her entitlement to asylum or other relief from removal.  *Id.* at 7 (citing *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007) ("There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.")).  Finally, Respondents maintain that Petitioner's claims are unripe because removal proceedings remain pending.  *See* Doc. 14 at 10.

Respondents correctly note that § 1252(e)(2) bars courts from reviewing the merits of a removal determination.  *See id.*; *Vaupel*, 244 F. App'x at 895.  Here, however, Petitioner does not seek that type of review.

Petitioner does not challenge a removal order, a credible-fear determination, or any findings regarding removability.  Instead, she challenges her continued detention without an individualized bond hearing as a violation of the Due Process Clause.  That constitutional claim differs from a challenge to a removal determination.  *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517); *see also* 8 C.F.R. § 1003.19(d).

Petitioner's due process claim therefore does not arise "from the implementation or operation of the expedited removal order." *See Turgerel v. Mukasey*, 513 F.3d 1202, 1205 (10th Cir. 2008); *Vaupel*, 244 F. App'x at 895; *Mursalin v. Dedos*, No. 1:25-CV-00681-MIS-JMR, 2025 WL 3140824, at *8 (D.N.M. Nov. 10, 2025). Therefore, the jurisdictional bar under § 1252(e)(2) does not apply. In deciding Petitioner's amended petition, the Court only considers whether her continued detention violates the Due Process Clause.

Courts routinely distinguish detention challenges from challenges to removal orders. As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive. Section 1252(e)(2) therefore does not deprive the Court of subject matter jurisdiction over Petitioner's due process claim.

## II.    Petitioner's Continued Detention Violates Substantive Due Process.

a.    Section 1225, Not Section 1226, Governs Petitioner's Detention.

Petitioner's first argument fails. She argues that "[w]hen a non-citizen's case is referred to full removal proceeding under INA § 240, the governing detention framework shifts from § 1225 to § 1226". *See* Doc. 12 ¶ 23. Apart from two inapposite cases,[2] Petitioner cites no authority for that proposition, or for her related claim that "[c]ourts have recognized that § 1225/§ 1226 boundary turns on the nature of the proceedings, not solely on the manner of entry." *See id.* ¶ 24.

---

[2] Petitioner cites *Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) and *Lora v. Shanahan*, 804 F.3d 601, 616 (2d Cir. 2015), *vacated sub nom. Shanahan v. Lora*, 583 U.S. 1165 (2018) for the proposition that "§ 1226 governs once alien is placed in § 240 proceedings." *See* Doc. 12 ¶ 23. Neither stands for that proposition. The quoted Footnote 3 says nothing about which statute governs the petitioner's detention; rather, it focuses on whether the petitioner's case had become moot. Similarly, *Lora* does not state that an arriving alien is placed under § 1226 rather than § 1225 once § 240 proceedings initiate. Instead, the relevant section of the opinion addresses whether § 1226(c) authorizes mandatory detention beyond six months without a bond hearing.

In *Mursalin v. Dedos*, the court held that an arriving alien who received a positive credible-fear determination and was placed into § 240 proceedings "remains subject to mandatory detention pursuant to § 1225(b)(1)(B)(ii) until the completion of his claim for asylum[,]" and that neither § 1226 nor § 1231 applies. No. 1:25-cv-0681 MIS/JMR, 2025 WL 3140824, at *6 (D.N.M. Nov. 10, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 287, 299 (2018)). No mechanism transforms an arriving alien from § 1225(b) custody to § 1226 upon a positive credible fear determination. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111, (2020); *Jennings*, 583 U.S. at 285–87) (holding that applicants who are found to have a credible fear "may also be detained pending further consideration of their asylum applications"); § 1225(b)(1)(B)(ii) (stating that if the immigration officer determines that a noncitizen has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum").

Petitioner does not dispute that she was taken into immigration custody upon arriving at the U.S.-Mexico border. *See* Doc. 1 ¶ 20; Doc. 12 ¶ 4. Because "§ 1225 generally applies at the border while § 1226 applies in the country's interior," and Petitioner is indisputably an arriving alien, § 1225 governs her detention. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *3 (10th Cir. June 30, 2026).

b. Petitioner Is Not Entitled to Relief Under Procedural Due Process Principles.

Because *Jennings* held that § 1225(b) does not contain an implicit reasonableness limitation or permit judicial release, attention has turned to constitutional challenges, with courts now "sharply disagree[ing] about the reach of the Due Process Clause as applied to arriving aliens." *Jennings*, 583 U.S. at 298–301; *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020); *Horbenko v. Castro*, No. 2:25-CV-0764 WJ/DLM, 2026 WL 381867, at *7

(D.N.M. Feb. 11, 2026), *report and recommendation adopted*, No. 2:25-CV-0764 WJ/DLM, 2026 WL 702459 (D.N.M. Mar. 12, 2026).

Some courts have held that, at some point, due process entitles a noncitizen subject to prolonged detention under § 1225(b) to an individualized bond hearing before an immigration judge, or some other form of individualized review of eligibility for release beyond the opportunity to request discretionary parole under Section 1182(d)(5). *E.g.*, *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848–51 (E.D. Va. 2020); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020); *Clerveaux v. Searls*, 397 F. Supp. 3d 299, 309–22 (W.D.N.Y. 2019).

Other courts have held that due process imposes no time limit or hearing requirement while an alien is detained pending removal proceedings. *E.g.*, *Banyee v. Garland*, 115 F.4th 928, 931-34 (8th Cir. 2024) (holding that Supreme Court authorities "leave no room for a multi-factor 'reasonableness' test" and set a bright-line rule permitting detention under § 1225(b) as long as deportation proceedings are still pending); *Giraldo Nieto v. Ceja*, No. 1:24-CV-02821-DDD-NRN, 2025 WL 4087626, at *6 (D. Colo. June 12, 2025). *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *4 (D. Colo. May 12, 2020); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 647-50 (S.D.N.Y. 2018).

The Tenth Circuit has not addressed the issue. *See Giraldo Nieto*, 2025 WL 4087626, at *7. This Court holds that procedural due process does not entitle inadmissible arriving alien subject to prolonged detention to release or a bond hearing before removal proceedings conclude. *See Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12. Under *Mezei* and *Sierra*, such aliens are entitled only to the statutory procedures Congress has authorized, and under *Jennings*, the procedures in § 1225(b) provide neither bond hearings nor any time limit on detention while removal proceedings are pending. *Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12 (citing *Sierra v.*

*INS*, 258 F.3d 1213, 1215–16 (10th Cir. 2001); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212–16 (1953)).

c.  Petitioner Is Entitled to Relief Under Substantive Due Process Principles.

Under the specific facts of this case, however, Petitioner's 18-month detention violates her substantive due process rights, entitling her to relief.  While *Jennings* imposes no bright-line limit on a noncitizen's detention, the Supreme Court declined to decide whether mandatory detention under §§ 1225(b) and 1226(c) remains subject to independent constitutional limitations. *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at \*4 (D.N.M. Apr. 9, 2026).

Federal circuit and district courts have long held deportable aliens in custody more than a few months must be released because such detention has become imprisonment.  *Wolck v. Weedin*, 58 F.2d 928, 930–31 (9th Cir. 1932); *Caranica v. Nagle*, 28 F.2d 955, 957 (9th Cir. 1928), *cert. denied*, 277 U.S. 589 (1928); *United States ex rel. Ross v. Wallis*, 279 F. 401, 403–04 (2d Cir. 1922); *United States ex rel. Janavaris v. Nicolls*, 47 F. Supp. 201 (D. Mass. 1942).  The Tenth Circuit has also recognized that inadmissible aliens in physical custody in the United States enjoy some procedural and substantive due process protections under the Fifth Amendment.  *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

"The Due Process Clause is not offended by the mandatory detention of noncitizens for the '*brief period necessary* for their removal proceedings.'"  *Rasel v. Barr*, 455 F. Supp. 3d 38, 47 (W.D.N.Y. 2020) (quoting *Demore*, 538 U.S. at 513 (2003)).  However, "[w]ere there to be an unreasonable delay . . . in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons."  *Demore*, 538 U.S. at 532–33

(Kennedy, J., concurring); *Arias Abreu v. Bondi*, No. 1:26-CV-00487-KG-GBW, 2026 WL 800723, at *2 (D.N.M. Mar. 23, 2026).  Under the circumstances, Petitioner's 18-month detention constitutes an unreasonable delay.

A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose.  *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Giraldo Nieto*, 2025 WL 4087626, at *8.  Here, an immigration judge granted CAT withholding on November 24, 2025, and a Motion to Reopen IJ Jurisdiction was denied on January 5, 2026.  *See* Doc. 1 ¶ 20. The case has been pending before the BIA since December 24, 2025, still without a briefing schedule.  *Id.* ¶ 21

Respondents' only apparent justification for continued detention is that Petitioner has chosen to exercise her right to appeal and pursue a meritorious asylum claim.  *See* Doc. 8 ¶ 29. But exercising the right to appeal should not require surrendering one's physical liberty as collateral.  "[S]uch imprisonment is impermissible punishment rather than detention pending deportation." *See Rodriguez-Fernandez*, 654 F.2d at 1387.  Indefinitely detaining Petitioner solely because she seeks to exhaust her right to an appeal lacks a legitimate regulatory purpose and amounts to impermissible punitive detention in violation of her substantive due process rights. *Mardanpour*, 2026 WL 963164, at *3.

Here, the Court finds that Petitioner's indefinite detention, already exceeding 18 months, is constitutionally excessive in relation to the government's legitimate, nonpunitive purpose of facilitating removal.  Petitioner's appeal to the BIA, and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years.  Under these circumstances, Petitioner's indefinite detention

of more than 18 months is punitive and violates her substantive due process rights. *Rodriguez-Fernandez*, 654 F.2d at 1387 (finding that indefinite detention, "continued beyond reasonable efforts to expel the alien[,]" constitutes punishment in violation of the Fifth Amendment); *Mardanpour*, 2026 WL 963164, at *6.

Respondents are not without a remedy: it may re-initiate the removal process if a constitutionally adequate immigration proceeding determines that Petitioner should be removed. What they may not do is let Petitioner languish in indefinite imprisonment, which effectively punishes her for pursuing her legal remedies and appealing to the BIA.

## CONCLUSION

It is hereby **ORDERED**:

1) Petitioner Loveline Mah Mbaku's Amended Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 12) is **CONDITIONALLY GRANTED**;

2) Respondents' Motion to Dismiss (Doc. 14) is **DENIED**;

3) Respondents are **ORDERED** to release Petitioner within 14 calendar days of the date of this Order, under appropriate conditions of supervision, unless the government provides Petitioner with an individualized bond hearing before an immigration judge. At such hearing, the burden shall be on the government to justify Petitioner's continued detention by clear and convincing evidence that she is either a flight risk or a danger to the community if released;

4) If no hearing occurs within 14 calendar days of this Order, Petitioner **SHALL** be released from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

5) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**